FILED

MAY - 8 2012

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MAHER IDRISS,<br><br>　　　　　Defendant. | Criminal Case No. 12CR1775-WQH<br><br>INFORMATION<br><br>Title 18, U.S.C., Sec. 371 -<br>Conspiracy |

The United States Attorney charges:

Introductory Allegations

1. At all times relevant herein, defendant Maher Idriss was the owner of Oberlin Medical Supply and Service Corporation ("Oberlin"), of San Diego, California. Defendant Maher Idriss and Oberlin Medical Supply and Service Corporation possessed a valid wholesale pharmacy license from the California Board of Pharmacy.

2. Under the Food, Drug and Cosmetic Act, it is unlawful for anyone other than the manufacturer of a drug to import prescription pharmaceuticals into the United States.

Count 1

3. Beginning at least as early as May 1, 2006, and continuing up to and including May 5, 2011, within the Southern District of California and elsewhere, defendant MAHER IDRISS did knowingly combine, conspire and agree with others to knowingly and willfully import merchandise,

to wit, prescription oncology drugs not approved for or intended for sale in the United States, contrary to law; in violation of Title 18, United States Code, Section 545.

4. It was a method and means of the conspiracy that co-conspirators, who operated an internet pharmacy from locations in Florida and Canada, received orders for over $7 million of oncology drugs from U.S. doctors and then ordered oncology drugs intended for sale in countries such as Turkey, Pakistan, India and the United Kingdom from abroad and arranged for them to be shipped to Oberlin from outside the United States.

5. It was a further method and means of the conspiracy that the defendant received the foreign oncology drugs, stored them and later shipped them out to doctors within the United States, as directed by co-conspirators. The defendant included an invoice from Oberlin with the medication, giving the appearance that the drugs were purchased from a licensed wholesale pharmacy in the United States, rather than from abroad

6. As a further method and means of the conspiracy, after receiving payment from the doctors, the defendant wire transferred funds to the foreign source of supply in payment for the drugs and wire transferred funds to the co-conspirators to an account in Canada, while keeping a portion of the proceeds for himself.

7. In order to effect the object of the conspiracy, on or about December 16, 2008, in San Diego, defendant MAHER IDRISS shipped a package of Gemzar (a prescription oncology drug) manufactured outside the United States and not intended for sale in the United States to a doctor in Hollywood, Florida.

All in violation of Title 18, United States Code, Section 371.

DATED: April 26th, 2012.

LAURA E. DUFFY
United States Attorney

MELANIE K. PIERSON
Assistant U.S. Attorney